IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JUSTIN DEONTA STROM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cr159 |
| | ) | 1:13cv555 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner John Deonta Strom's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). [Dkt. 84.] Petitioner has also moved for an evidentiary hearing. [Dkts. 111, 113.] For the reasons set forth below, the Court will appoint counsel in this matter and direct counsel to file an amended petition.

**I. Background**

On April 25, 2012, a federal grand jury returned a ten count indictment charging Petitioner with sex trafficking of a child and several related charges. (Indictment [Dkt. 10] at 1-2.) These charges stem from Petitioner's involvement in a prostitution ring that recruited underage women to engage in commercial sex acts. (*Id.* at 2.)

1

On June 26, 2012, pursuant to a written plea agreement, Petitioner pled guilty to one count of sex trafficking of a child, in violation of 18 U.S.C. § 1591. (Plea Agreement [Dkt. 67] at 1.) In exchange for the Government moving to dismiss the remaining charges, Petitioner agreed, *inter alia*, to waive his "right to appeal the conviction and any sentence within the statutory maximum[.]" (*Id.* at 4.) The Government also left open the opportunity for Petitioner to earn a substantial assistance motion. (*Id.* at 10.) By signing the agreement, Petitioner affirmed that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily assenting to its terms.

The Court conducted a sentencing hearing on September 14, 2012. (Sentencing Mins. [Dkt. 77] at 1.) Following arguments, the Court sentenced petitioner to 480 months incarceration, a punishment below the guideline recommendation of life. (*Id.*) Petitioner did not appeal.

On May 3, 2013, Petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Mot. to Vacate (as paginated by CM/ECF) at 1.) In addition to completing the form petition used by *pro se* litigants, Petitioner filed a fifteen page, single spaced memorandum. (*Id.* at 7-21.) Far from offering clarity, however, Petitioner's

2

memorandum is a rambling diatribe of factual allegations intermixed with quasi-legal language and case citations. (*Id.* at 7-8.) Further complicating the Court's analysis is the memorandum's absence of a discernable organizational structure. Consequently a majority of Plaintiff's allegations, to the extent they were intended to constitute claims, are incomprehensible.

Nevertheless, amid the few coherent accusations, Petitioner alleges that trial counsel rendered ineffective assistance by failing to notice an appeal on his behalf. (Mot. to Vacate at 16-17.) Petitioner insists that he explicitly asked counsel to notice an appeal, and that counsel acknowledge this request to Petitioner's family after sentencing. (*Id.*) As explained below, this claim dictates the Court's decision in this matter.

## II. Analysis

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must satisfy the two part test set out in *Strickland v. Washington,* 466 U.S. 668 (1984). This requires showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 687. A petitioner must meet both prongs in order to warrant relief. *Id.* Additionally, a petitioner who alleges ineffective assistance of counsel

3

following entry of a guilty plea must meet a slightly higher burden.  *See Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985); *Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1297 (4th Cir. 1992). When a petitioner challenges a conviction after a guilty plea, the "prejudice prong of the test is slightly modified.  Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988) (citations and internal quotation marks omitted).

In cases dealing with defense counsel's failure to file an appeal, the Supreme Court has stated that counsel's failure to file a notice of appeal requested by a defendant is *per se* ineffective assistance.  *Roe v. Flores-Ortega,* 528 U.S. 470, 483-86 (2000).  The Fourth Circuit has interpreted *Flores-Ortega* to mean that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."  *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir. 2007).  In *Poindexter*, the Fourth Circuit further instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a

4

hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272.  Such is the case here.

Petitioner avers that, following sentencing, he directed his attorney to notice an appeal.  (Mot. to Vacate at 16-17.)  Petitioner further asserts that this fact is verifiable by family members who spoke to counsel.  (*Id.*)  While the Government disputes these allegations, it has not submitted any admissible evidence in opposition.  Indeed, the Government concurs that an evidentiary hearing is necessary for proper adjudication.  (Gov't's Resp. to Pet'r's Mot. for Evidentiary Hr'g [Dkt. 119] at 4-5.)  Since the record does not definitively indicate whether Petitioner requested counsel to file a notice of appeal, this Court must conduct an evidentiary hearing to resolve the issue.  *See, e.g., United States v. Brown*, Criminal No. 3:08CR488-6, 2012 WL 1565267, at *1 (E.D. Va. May 2, 2012) (concluding that an evidentiary hearing was necessary on petitioner's ineffective assistance claim under similar circumstances); *Blackwood v. United States*, Civ. Case No. RDB-10-1645, 2010 WL 4175288, at *2 (D. Md. Oct. 22, 2010) (same).[1]

---

[1] The Court recognizes that Petitioner is unlikely to prevail if permitted to appeal: "[m]ost successful § 2255 movants in the appeal waiver situation obtain little more than an opportunity to lose at a later date." *Poindexter*, 492 F.3d at 273; *see also Campusano v. United States,* 442 F.3d 770, 777 (2d Cir. 2006) ("There will not be many cases in which a defendant whose attorney fails to file a notice of appeal after a plea agreement and a waiver of appeal, and whose hypothetical appeal seems meritless during ineffective-assistance habeas review, eventually prevails.").  Nevertheless, if Petitioner requested a notice of appeal and counsel neglected to file one, Petitioner must be allowed to file an untimely appeal.

5

The Court will also appoint counsel to represent Petitioner pursuant to Rule 8(c) of the Federal Rules Governing § 2255 Cases, which provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." In order to expedite the Court's review of the remaining claims in this case, and given attorney assistance must be provided, counsel is further directed to file an amended petition that clearly articulates the basis of Petitioner's claims. As noted above, a majority of Petitioner's *pro se* allegations are incomprehensible. This will ensure that the Court has a fair opportunity to consider all possible avenues of legal relief.

### III.  Conclusion

For the reasons stated above, the Court will withhold ruling on Petitioner's § 2255 Motion until after counsel has had an opportunity to file an amended petition and any evidentiary hearings are concluded. An appropriate Order will follow.

|  |  |
|---|---|
| | /s/ |
| December 4, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |