IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JUSTIN DEONTA STROM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cr159 |
| | ) | 1:13cv555 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Petitioner Justin Deonta Strom's ("Petitioner") Amended Motion Under 28 U.S.C. § 2255. [Dkt. 129.] For the reasons set forth below, the Court will defer ruling on Petitioner's claims and set this matter for an evidentiary hearing.

### I. Background

In April 2012, a federal grand jury returned a ten count indictment charging Petitioner with sex trafficking of a child and several related charges. (Indictment [Dkt. 47] at 1-2.) These charges stem from Petitioner's involvement in a prostitution ring that recruited underage women to engage in commercial sex acts. (*Id.* at 2.) On June 26, 2012, pursuant to a written plea agreement, Petitioner pled guilty to one count of sex trafficking of a child, in violation of 18 U.S.C. § 1591. (Plea Agreement [Dkt. 67] at 1.)

1

The Court conducted a sentencing hearing on September 14, 2012. (Sentencing Mins. [Dkt. 77] at 1.) Following arguments, the Court sentenced petitioner to 480 months incarceration. (*Id.*) Petitioner did not appeal.

On May 3, 2013, Petitioner filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Mot. to Vacate [Dkt. 84] (as paginated by CM/ECF) at 1.) Among the many factual allegations, Petitioner claimed that trial counsel failed to notice an appeal on his behalf despite his explicit instructions that he wanted to appeal. (*Id.* at 16-17.) Recognizing that this allegation typically necessitates an evidentiary hearing, the Court appointed counsel to represent Petitioner and requested an amended petition to clarify Petitioner's *pro se* claims. (Mem. Op. [Dkt. 122] at 6, Dec. 4, 2013.)

On January 27, 2014, Petitioner, acting with counsel, filed an Amended Motion to Vacate Under 28 U.S.C. § 2255. (Am. Mot. to Vacate at 1.) Petitioner's amended motion contains the following grounds for relief: (1) trial counsel rendered ineffective assistance by failing to advise Petitioner that the Court would consider uncharged conduct and conduct contained in the dismissed counts during sentencing; and (2) trial counsel failed to file an appeal despite Petitioner's "unequivocal"

instructions to the contrary.  (Mem. in Supp. of Am. Mot. to Vacate [Dkt. 129-1] at 4-7.)

The Government filed its response on February 19, 2014. (Resp. to Pet'r's Am. Mot. [Dkt. 132] at 1.)  While the Government strongly disputes Petitioner's claims, it has again failed to present any evidence in opposition.  (*Id.*)

## II. Analysis

One of Petitioner's claims of ineffective assistance is that counsel failed to file an appeal upon his request.  As previously noted by the Court, "counsel's failure to file a notice of appeal requested by a defendant is *per se* ineffective assistance."  (Mem. Op. at 4, Dec. 4, 2013 (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 483–86 (2000)).)  In *United States v. Poindexter*, the Fourth Circuit further instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed."  492 F.3d 263, 272 (4th Cir. 2007). Such is the case here.  On the record as it currently exists, there is conflicting accounts as to whether counsel ignored Petitioner's requests to file an appeal.  Accordingly, the Court will order an evidentiary hearing on this issue.

In accordance with applicable Fourth Circuit precedent, the Court will also defer ruling on Petitioner's

remaining claims until after the evidentiary hearing.  *See United States v. Killian*, 22 F. App'x 300 (4th Cir. 2001); *see also Smith v. United States*, No. 7:06CV00391, 2007 WL 152107, at *1-2 (W.D. Va. Jan. 17, 2007) (deferring judgment on the merits of petitioner's remaining claims in light of the necessity for an evidentiary hearing on the issue of counsel's failure to notice an appeal).

### III. Conclusion

For the reasons set forth above, the Court will defer ruling on the merits of Petitioner's claims and set this matter for an evidentiary hearing.  An appropriate order will follow.[1]

|  |  |
|---|---|
| March 5, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |

---

[1] In light of the holding above, the Court will also deny, as moot, Petitioner's pending Motion to be Remanded for Evidentiary Hearing.  [Dkt. 130.]  Counsel shall arrange for Petitioner's attendance at the evidentiary hearing.

4