IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUSTIN DEONTA STROM,           )
                               )
     Petitioner,               )
                               )
          v.                   )    1:12cr159 (JCC)
                               )    1:15cv632
UNITED STATES OF AMERICA,      )
                               )
     Respondent.               )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Justin
Deonta Strom's ("Petitioner" or "Strom") original <u>pro</u> <u>se</u> Motion
to Vacate, Set Aside, or Correct a Sentence, and through
counsel, Petitioner's Amended Motion to Vacate, Set Aside, or
Correct Sentence, both of which are brought pursuant to 28
U.S.C. § 2255 (collectively referred to as the "Motion").  (Mot.
to Vacate [Dkt. 195]; Am. Mot. to Vacate [Dkt. 211]; Pet'r's
Mem. in Supp. [Dkt. 212].)  For the following reasons, the Court
will deny Petitioner's Motion.

**I. Background**

In April of 2012, a federal grand jury returned a ten-
count indictment charging Petitioner with sex trafficking of a
minor and several related offenses.  (Indictment [Dkt. 47] at 1-
2.)  These charges stemmed from Petitioner's involvement in a
prostitution ring that recruited minor women to engage in

1

commercial sex acts.  (Id. at 2.)  On June 26, 2012, pursuant to a written plea agreement, Petitioner pled guilty to one count of sex trafficking of a child.  (Plea Agreement [Dkt. 67] at 1.) On September 14, 2012, the Court conducted a sentencing hearing, and sentenced Petitioner to 480 months imprisonment. (Sentencing Mins. [Dkt. 77] at 1.)  Petitioner did not appeal.

On July 24, 2014, after full briefing and an evidentiary hearing, the Court granted in part Petitioner's first Motion to Vacate under 28 U.S.C. § 2255.  (Mem. Op. [Dkt. 150]; Order [Dkt. 151].)  The Court found that Petitioner had instructed his trial attorney to file a direct appeal, but the trial attorney failed to take any action, which constituted per se ineffective assistance of counsel.  (Id.)  The Court did not consider any of Petitioner's remaining claims, as he had failed to raise them on direct appeal.  (Id.)  On July 29, 2014, the Court re-sentenced Petitioner to 480 months imprisonment. (Judgment [Dkt. 152].)  One day later, on July 30, 2014, Petitioner, by counsel, noticed his direct appeal.  (Notice of Appeal [Dkt. 154].)[1]  In his direct appeal to the Fourth Circuit, Petitioner challenged the validity of his guilty plea.

---

[1] While Petitioner's direct appeal was pending in the Fourth Circuit, he filed various motions pro se in this Court.  (See Mot. to Amend/Correct Judgment [Dkt. 173]; Mot. for a New Trial [Dkt. 175]; Mot. to Correct/Amend Clerical Mistake [Dkt. 179]; Notice of Adjudicative Facts [Dkt. 180].)  All of these were either denied or withdrawn.  (See Orders [Dkts. 178, 187].)

On March 5, 2015, the Fourth Circuit affirmed Petitioner's conviction and sentence, finding that Petitioner failed to "establish that his plea was unknowing or involuntary," that the Court properly advised him of the nature of the charges and the associated penalties, and that the Court properly informed Petitioner of the procedures that would be employed to determine his sentence.  (Unpublished Op. [Dkt. 188]; Judgment [Dkt. 189]; Mandate [Dkt. 192].)  The Fourth Circuit declined to address Petitioner's ineffective assistance of counsel claims, as those issues are more properly raised in a section 2255 motion.  (Id.)

Petitioner then filed a pro se motion to re-file an arrest of judgment motion.  [Dkt. 193.]  The Court dismissed this motion without prejudice, and directed Petitioner to file a motion pursuant to 28 U.S.C. § 2255.  [Dkt. 194.]  On May 14, 2015, Petitioner filed a pro se motion pursuant to section 2255 [Dkt. 195], and subsequently requested that the Court appoint counsel.  [Dkt. 203.]  Ultimately, the Court appointed counsel [Dkts. 206, 210], and through counsel, Petitioner filed an amended motion under section 2255 on July 31, 2015.  The Court now considers both motions collectively as a motion to vacate his conviction and sentence pursuant to section 2255.  [Dkt. 211.]

In the motion to vacate now before the Court, Petitioner raises one main issue.  Petitioner contends that his guilty plea was unlawfully induced and not made knowingly and voluntarily because his attorney failed to provide him with effective legal assistance.  (Pet'r's Mem. at 7-9.) Specifically, Petitioner contends that his trial attorney was ineffective because he: (1) failed to advise Petitioner that the Court could consider all relevant offense conduct when fashioning a sentence; (2) told Petitioner not to deny facts in the pre-sentence report that Petitioner now insists are false; and (3) did not properly investigate the case.  (Id.) Petitioner also incorporates claims raised in his pro se pleading unrelated to ineffective assistance of counsel, including: (1) the Government violated the plea agreement when it used evidence of dismissed counts and uncharged conduct of Petition in the sentencing proceedings; (2) the Court violated the plea agreement when it sentenced Petitioner for both 18 U.S.C. § 1591 and 18 U.S.C. § 2; (3) the sentence was unreasonable because facts that were used to increase Petitioner's penalty range were not proven beyond a reasonable doubt in violation of Petitioner's Fifth and Sixth Amendment rights; (4) the Government failed to disclose certain information related to M.W., and Petitioner would have gone to trial if such information had been disclosed prior to entry of

4

his guilty plea; and (5) the mandatory minimum calculated in
Petitioner's guideline range was erroneously increased by
charges not contained in the indictment or plea agreement in
violation of his Fifth and Sixth Amendment rights.  (Id. at 10.)
Petitioner requested an evidentiary hearing on these claims.
(Id. at 11.)

The Government filed a response in opposition to
Petitioner's motion to vacate under section 2255.  (Gov't's
Opp'n [Dkt. 215].)  Thus, the motion is ripe for disposition.

## II. Legal Standard

A motion to vacate under 28 U.S.C. § 2255 allows a
prisoner to challenge the legality of his sentence on four
grounds: (1) "the sentence was imposed in violation of the
Constitution or laws of the United States"; (2) "the court was
without jurisdiction to impose such sentence"; (3) "the sentence
was in excess of the maximum authorized by law"; or (4) the
sentence is "otherwise subject to collateral attack."  28 U.S.C.
§ 2255(a).  The petitioner bears the burden of demonstrating his
grounds for relief by a preponderance of the evidence.  See Hall
v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A section 2255 motion is a federal statutory habeas
corpus action that collaterally attacks a sentence or conviction
through the filing of a new proceeding, as contrasted with a
direct appeal.  See In re Jones, 226 F.3d 328, 332–33 (4th Cir.

2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus[.]'") (quoting Davis v. United States, 417 U.S. 333, 343 (1974)).  The existence of the right to pursue a collateral attack, however, does not displace a direct appeal as the "usual and customary method of correcting trial errors."  United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).  Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under section 2255.  See Bousley v. United States, 523 U.S. 614, 621-22 (1998).

Nevertheless, an exception applies for claims of ineffective assistance of counsel, such as those asserted here. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998); United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." (citation omitted)). With this standard in mind, the Court addresses each of Petitioner's claims.

### III. Analysis

#### A. Evidentiary Hearing

As an initial matter, the Court will deny Petitioner's

request for an evidentiary hearing on his motion to vacate.
"Evidentiary hearings on § 2255 petitions are the exception, not
the norm, and there is a heavy burden on the petitioner to
demonstrate that an evidentiary hearing is warranted." Moreno-
Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003)
(citation omitted).  In short, the Court need not hold an
evidentiary hearing when the record before the Court is adequate
to dispose of the habeas petition.  Mueller v. Angelone, 181
F.3d 557, 586-87 (4th Cir. 1999); see also 28 U.S.C. § 2255(b).
In the context of a habeas petition that challenges the validity
of an underlying guilty plea, the Court must first "determine
whether the petitioner's allegations, when viewed against the
record of the Rule 11 plea hearing, were so palpably incredible,
so patently frivolous or false as to warrant summary dismissal."
United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005)
(quoting United States v. White, 366 F.3d 291, 296 (4th Cir.
2004)).  "Only if a petitioner's allegations can be so
characterized can they be summarily dismissed."  White, 366 U.S.
at 296-97.

        Here, for the following reasons discussed more fully
below, the Court finds that Petitioner has not carried his heavy
burden to demonstrate that an evidentiary hearing is warranted.
In light of the record of the Rule 11 plea hearing and
statements made by Petitioner during the course of these

proceedings, it is clear that the basis for Petitioner's
ineffective assistance claims are false and frivolous.  Stated
differently, the Court cannot ignore Petitioner's "solemn
declarations in open court."  Blackledge v. Allison, 431 U.S.
63, 74 (1977).  Accordingly, the Court will deny Petitioner's
request for an evidentiary hearing.[2]

### B. Claims Raised by Petitioner in Pro Se Pleadings

First, the Court cannot consider claims unrelated to
Petitioner's ineffective assistance of counsel claims because
Petitioner failed to raise them on direct appeal to the Fourth
Circuit, and accordingly, those claims are now procedurally
barred.  United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th
Cir. 1999).  Petitioner contends that he did raise these five
claims in a pro se supplemental brief filed with the Fourth
Circuit, and that he raised these five claims in his petition
for rehearing, which was ultimately denied by the Fourth
Circuit.  (Pet'r's Mem. at 10 ("Mr. Strom raised his claims in
his Pro Se Supplemental Briefs and in his Petition for
Rehearing.").)  But Petitioner did not raise these claims in the
opening brief for his direct appeal.  Thus, those claims are now
procedurally defaulted and cannot be raised in this motion

---

[2] The Court incorporates into the record and takes judicial
notice of the hearing transcript from Petitioner's first motion
to vacate under 28 U.S.C. § 2255 dated May 27, 2014 and attached
as Exhibit 3 to Petitioner's Amended Motion to Vacate. (Am. Mot.
at 11.)

pursuant to section 2255.

        Petitioner was required to raise these five claims in
his opening brief for his direct appeal, and by not doing so, he
has waived further argument on these claims.  See Fed. R. App.
P. 28; United States v. Jones, 308 F.3d 425, 427 n.1 (4th Cir.
2002) (citing Carter v. Lee, 283 F.3d 240, 252 n.11 (4th Cir.
2002)).  In ruling on his direct appeal, unsurprisingly, the
Fourth Circuit denied Petitioner's motion to file a pro se
supplemental brief containing the claims at issue, because he
was represented by counsel and already filed an opening brief.
(See Unpublished Op. at 2 n.1 ("Strom has filed a motion for
leave to file a pro se supplemental brief, along with that
brief.  Because Strom is represented by counsel who has filed a
merits brief, Strom is not entitled to file a pro se
supplemental brief, and we therefore deny his motion.").)
Similarly, Petitioner's attempt to raise these claims in his
petition for a rehearing before the Fourth Circuit does not now
save those claims from procedural default.  See Easley v. Reuss,
532 F.3d 592, 595 (5th Cir. 2008) (stating a petition for
rehearing may only address "point[s] of law or fact that the
petitioner believes the court has overlooked or misapprehended")
(quoting United States v. Sutherland, 428 F.2d 1152, 1158 (5th
Cir. 1970) ("Having tried and appealed its case on one theory,

an unsuccessful party may not then use a petition for rehearing as a device to test a new theory.")).

The only way Petitioner can overcome the procedural default of these claims is by asserting (1) actual innocence or (2) cause and prejudice for failure to raise the issues on direct appeal. See, e.g., House v. Bell, 547 U.S. 518, 536-37 (2006). First, Petitioner makes no assertion that he is factually, or actually, innocent of the crimes he was convicted of and sentenced for. Mikalajunas, 186 F.3d at 494. Second, Petitioner fails to show how he was prevented from raising these claims through his attorney in the merits brief properly filed with the Fourth Circuit. See, e.g., Murray v. Carrier, 477 U.S. 478, 492 (1986). Accordingly, Petitioner cannot overcome the procedural default of these claims not properly raised during his direct appeal, and therefore, the Court cannot now consider them on a motion to vacate under section 2255.[3]

---

[3] Alternatively, even if these claims were not procedurally defaulted, the Court would find that each claim is wholly without merit. First, when fashioning a sentence, the court must consider all relevant conduct surrounding the offense of conviction. United States v. Robinson, 744 F.3d 293, 300 (4th Cir. 2014) (citing U.S.S.G. § 1B1.3). Indeed, at sentencing, Strom did not object to the accuracy of the relevant conduct in the pre-sentence report. (Sent. Hr'g Tr. [Dkt. 83] at 4 ("The Court: Okay. You want to tell me, is there any corrections you want to make? The Defendant: There's no corrections I want to make.").) Second, Petitioner expressly pled guilty for violating 18 U.S.C. §§ 1591 and 2 as listed in count eight of the indictment. There is no basis to suggest the Court violated the plea agreement when it found him guilty of violating those

C. Ineffective Assistance Claims

Next, Petitioner contends that his trial attorney was constitutional deficient under Strickland v. Washington, 466 U.S. 668 (1984).  Specifically, Petitioner contends that his trial attorney was ineffective because he: (1) failed to advise Petitioner that the Court could consider all relevant offense conduct when fashioning a sentence; (2) told Petitioner not to deny facts in the pre-sentence report that Petitioner now insists are false; and (3) did not properly investigate the case.  (Pet'r's Mem. at 7-9.)  This claim also fails.

Under the standard set forth in Strickland v. Washington, a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

sections.  Third, the Court did not violate the holding of Alleyne v. United States when it considered relevant conduct outside of count eight when fashioning a sentence.  Such consideration necessarily increased Petitioner's advisory guideline range, but did not result in an increase in the mandatory minimum sentence of 10 years.  Thus, this claim is also without merit.  133 S. Ct. 2151, 2162 (2013).  Fourth, the Government disclosed information about M.W. as early as Petitioner's arrest, and therefore, he fails to establish the threshold for a violation of Brady v. Maryland, 373 U.S. 83 (1963).  Fifth and finally, the Government also did not breach the plea agreement when it referenced all of Petitioner's relevant conduct at sentencing.  See United States v. Peglera, 33 F.3d 412, 413 (4th Cir. 1994).

proceeding would have been different." Id. at 688, 694.  To
establish constitutionally deficient performance under the first
prong, a petitioner must demonstrate that his lawyer "made
errors so serious that counsel was not functioning as the
'counsel' guaranteed . . . by the Sixth Amendment." Strickland,
466 U.S. at 687.  Such a showing must go beyond establishing
that counsel's performance was below average, since "effective
representation is not synonymous with errorless representation."
Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see also
Strickland, 466 U.S. at 687.  Given that it is all too easy to
challenge an act, omission, or strategy once it has proven
unsuccessful, "every effort [must] be made to eliminate the
distorting effects of hindsight, to reconstruct the
circumstances of counsel's challenged conduct, and to evaluate
the conduct from counsel's perspective at the time."
Strickland, 466 U.S. at 689.  In assessing performance, a court
must apply a "heavy measure of deference to counsel's
judgments." Strickland, 466 U.S. at 691.  A lawyer's decision
not to pursue a defense does not constitute deficient
performance if, as is typically the case, the lawyer has a
reasonable justification for the decision.  "[S]trategic choices
made after thorough investigation of law and facts relevant to
plausible options are virtually unchallengeable." Id. at 690.

12

The second prong requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

First, Petitioner has failed to show by a preponderance of the evidence that his trial counsel's performance was deficient. In light of the trial attorney's sworn affidavit and prior testimony, Petitioner's sworn testimony at the Rule 11 guilty plea hearing, and Petitioner's sworn testimony at the previous section 2255 evidentiary hearing, it is clear to the Court that while Petitioner did not anticipate receiving a 480-month sentence of imprisonment, there is no evidence that he received ineffective assistance of counsel when deciding to enter a guilty plea. The Court will address each of Petitioner's arguments in turn.

Petitioner argues that his trial attorney failed to advise him that the Court could consider all relevant offense conduct when fashioning a sentence. This directly contradicts his attorney's sworn affidavit: "I explained to Petitioner, prior to his guilty plea and sentencing, that the Court would consider his relevant conduct in determining the applicable

13

Sentencing Guidelines and appropriate sentence in this matter."
(Carter Aff. [Dkt. 215-3] at ¶ 3.)   It also contradicts
Petitioner's own sworn testimony at the Rule 11 guilty plea
hearing, where he stated, under oath, that he read and
understood the plea agreement, had no additions or corrections
to the plea agreement, understood the minimum and maximum
sentence set forth by statute, and that he spoke to his attorney
about the sentencing guidelines and what the Court would
consider when fashioning an appropriate sentence.  (Plea Hr'g
Tr. [Dkt. 131] at 14-16.)   Petitioner also swore under oath that
he read the statement of facts, agreed that was what he did in
this case, and did not have any additions or corrections.  (Id.
at 18-19.)   The Court then advised Petitioner about the
preparation process of the pre-sentence report, and advised him
that: "If there's anything favorable you want me to know about
you or the facts of this case, you bring it to my attention
through the probation officer or [your attorney] on or before
[the date of sentencing]."  (Id. at 20.)   Moreover, this claim
is directly contradicted by Petitioner's sworn statements at the
sentencing hearing, where he advised the Court that the pre-
sentence report was accurate concerning the offense conduct, and
that he did not want to make any additions or corrections to the
report.  (Sent. Hr'g Tr. at 4.)

It was only after Petitioner was sentenced to 480 months imprisonment that he first argued his attorney had not advised him of the relevance of all of his conduct.  Again, the Court cannot ignore Petitioner's "solemn declarations in open court."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  "A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [constitutionally insufficient]."  Hill v. Lockhart, 474 U.S. 52, 55 (1985).  The record in this regard contradicts Petitioner's allegation that his attorney rendered constitutionally insufficient advice regarding his guilty plea and subsequent sentence.  Thus, Petitioner has failed to establish by a preponderance of the evidence that his trial attorney rendered constitutionally deficient performance, and therefore, the Court will deny the motion on this basis.  See Addy v. United States, No., 2014 WL 1088833, at *4 (E.D. Va. Mar. 19, 2014) (citing Jackson v. United States, 638 F. Supp. 2d 514, 530 (W.D.N.C. 2009) ("[A]llegations which are contradicted by the record do not warrant relief[.]") (citation omitted); Ecker v. United States, No. 1:11cv1006, 2012 WL 6214356, at *7 (E.D. Va. Sept. 7, 2010) (rejecting petitioner's ineffective assistance claim on grounds that the record refuted his arguments)).

Petitioner's remaining claims also fail for similar reasons.  Petitioner argues that his attorney told him not to deny any facts in the pre-sentence report and that his attorney did not properly investigate the case.  Both claims are not supported by a preponderance of the evidence in the record. First, Petitioner's attorney previously testified that Petitioner disputed the inclusion of a prior grand larceny conviction in the pre-sentence report, but otherwise, "there wasn't any other complaint about anything in it."  (Evidentiary Hr'g Tr. [Dkt. 149] at 67-70.)  Moreover, during the Rule 11 guilty plea hearing, Petitioner testified that he was satisfied with the services of his lawyer and discussed any possible defenses with him.  (Plea Hr'g Tr. at 7-8.)  Petitioner fails to set forth any evidence, or allege any facts, that would support his claims.  See, e.g., Moon v. United States, 181 F. Supp. 2d 596, 603 (E.D. Va. 2002) (finding counsel's performance did not fall below an objective standard of reasonableness when she omitted arguments at sentencing that ran counter to petitioner's prior admissions).

Ultimately, there is no evidence in the record that Petitioner received constitutionally insufficient advice from counsel regarding his guilty plea.  Instead, the preponderance of the evidence in the record shows that he entered a fully voluntary and knowing plea, and knew that the Court would

16

consider all relevant conduct in fashioning a sentence. "As best the Court can discern, Petitioner now has buyer's remorse regarding his plea deal and ultimate sentence. As Judge Wilkinson recently remarked, 'buyer's remorse should not be dressed in the garb of an ineffective of assistance of counsel claim.'" Addy, 2014 WL 1088833, at *5 (citing United States v. Jackson, No. 12-6756, 2014 WL 486673, at *9 (4th Cir. Feb. 7, 2014) (Wilkinson, J., dissenting)). Accordingly, the Court concludes that Petitioner did not receive constitutionally deficient assistance when entering into a plea agreement with the Government.

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Because Petitioner failed to show that counsel's performance was deficient, the Court need not address the prejudice prong, which is often harder for a petitioner to prove. See id. ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

## IV. Conclusion

For the foregoing reasons, the Court will deny

Petitioner's Motion.  The Court will also decline to issue a certificate of appealability, because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (citation omitted).

An appropriate Order shall issue.

_____
/s/
August 20, 2015              James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE