IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUSTIN DEONTA STROM,            )
                                )
     Petitioner,                )
                                )
          v.                    )     1:12cr159 (JCC)
                                )     1:15cv632
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Justin Deonta Strom's ("Petitioner" or "Strom") Motion under Rule 60(b) to Vacate or Set Aside Criminal Judgment and Motion for an Evidentiary Hearing. [Dkt. 223.] This Court will also consider Petitioner's recent Rule 50 and Rule 36 Motions. For the reasons set forth below, the Court will deny Petitioner's motions.

**I. Background**

In April of 2012, a federal grand jury returned a ten-count indictment charging Petitioner with sex trafficking of a minor and several related offenses. (Indictment [Dkt. 47] at 1-2.) These charges stemmed from Petitioner's involvement in a prostitution ring that recruited minor women to engage in commercial sex acts. (*Id.* at 2.) On June 26, 2012, pursuant to a written plea agreement, Petitioner pled guilty to one count of

1

sex trafficking of a child.  (Plea Agreement [Dkt. 67] at 1.)
On September 14, 2012, the Court conducted a sentencing hearing,
and sentenced Petitioner to 480 months imprisonment.
(Sentencing Mins. [Dkt. 77] at 1.)  Petitioner did not appeal.

On July 24, 2014, after full briefing and an
evidentiary hearing, the Court granted in part Petitioner's
first Motion to Vacate under 28 U.S.C. § 2255.  (Mem. Op. [Dkt.
150]; Order [Dkt. 151].)  The Court found that Petitioner had
instructed his trial attorney to file a direct appeal, but the
trial attorney failed to take any action, which constituted *per
se* ineffective assistance of counsel.  (*Id.*)  The Court did not
consider any of Petitioner's remaining claims, as he had failed
to raise them on direct appeal.  (*Id.*)  On July 29, 2014, the
Court re-sentenced Petitioner to 480 months imprisonment.
(Judgment [Dkt. 152].)  One day later, on July 30, 2014,
Petitioner, by counsel, noticed his direct appeal.  (Notice of
Appeal [Dkt. 154].)[1]  In his direct appeal to the Fourth Circuit,
Petitioner challenged the validity of his guilty plea.

On March 5, 2015, the Fourth Circuit affirmed
Petitioner's conviction and sentence, finding that Petitioner
failed to "establish that his plea was unknowing or

---

[1] While Petitioner's direct appeal was pending in the Fourth Circuit, he filed
various motions *pro se* in this Court.  (See Mot. to Amend/Correct Judgment
[Dkt. 173]; Mot. for a New Trial [Dkt. 175]; Mot. to Correct/Amend Clerical
Mistake [Dkt. 179]; Notice of Adjudicative Facts [Dkt. 180].)  All of these
were either denied or withdrawn.  (*See* Orders [Dkts. 178, 187].)

involuntary," that the Court properly advised him of the nature of the charges and the associated penalties, and that the Court properly informed Petitioner of the procedures that would be employed to determine his sentence.  (Unpublished Op. [Dkt. 188]; Judgment [Dkt. 189]; Mandate [Dkt. 192].)  The Fourth Circuit declined to address Petitioner's ineffective assistance of counsel claims, as those issues are more properly raised in a Section 2255 motion.  (*Id.*)

Petitioner then filed a *pro se* motion to re-file an arrest of judgment motion.  [Dkt. 193.]  The Court dismissed this motion without prejudice, and directed Petitioner to file a motion pursuant to 28 U.S.C. § 2255.  [Dkt. 194.]  On May 14, 2015, Petitioner filed a *pro se* motion pursuant to Section 2255 [Dkt. 195], and subsequently requested that the Court appoint counsel.  [Dkt. 203.]  Petitioner also filed a motion for an evidentiary hearing on June 22, 2015.  [Dkt. 205.]  The Court appointed counsel [Dkts. 206, 210], and through counsel, Petitioner filed an amended motion under Section 2255 on July 31, 2015.  [Dkt. 211.]

Petitioner's claims included ineffective assistance of counsel as well as other, unrelated claims.  (Pet'r's Mem. [Dkt. 212.] at 10.)  Because Petitioner did not raise the claims that were unrelated to ineffective assistance of counsel on direct appeal, the Court held that those claims were procedurally

3

barred.  [Dkt. 216.]  In addition, the Court denied Petitioner's

request for an evidentiary hearing, [Dkt. 216.], and held that

there is no evidence that he received ineffective assistance of

counsel before entering a guilty plea.  [*Id.*]  The Court also

denied a certificate of appealability.  [*Id.*]  Petitioner,

through counsel, filed a notice of appeal to the Fourth Circuit

on September 9, 2015.  [Dkt. 219.]  The appeal was later

dismissed.  [Dkt. 225.]

While waiting to hear from the Fourth Circuit,

Petitioner filed *pro se* a Rule 60(b) Motion and requested

another evidentiary hearing on October 15, 2015.  [Dkt.  223.]

Petitioner then filed *pro se* a Motion for Judgment as a Matter

of Law on September 16, 2016.  [Dkt. 231.]  Finally, he filed

*pro se* a Motion for Rule 36 Clerical Error on September 27,

2016.  [Dkt. 232.]  These motions are now ripe for disposition.

## II. Analysis

### A.          Motion for Evidentiary Hearing

As an initial matter, the Court will deny Petitioner's

request for an evidentiary hearing.  "Evidentiary hearings on

§ 2255 petitions are the exception, not the norm, and there is a

heavy burden on the petitioner to demonstrate that an

evidentiary hearing is warranted."  *Moreno-Morales v. United*

*States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted).

In short, the Court need not hold an evidentiary hearing when

4

the record before the Court is adequate to dispose of the habeas petition. *Mueller v. Angelone*, 181 F.3d 557, 586-87 (4th Cir. 1999); *see also* 28 U.S.C. § 2255(b).  In the context of a habeas petition that challenges the validity of an underlying guilty plea, the Court must first "determine whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal." *United States v. Lemaster*, 403 F.3d 216, 220-21 (4th Cir. 2005) (quoting *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004)).  "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." *White*, 366 U.S. at 296-97.

Petitioner appears to be renewing his request for an evidentiary hearing pursuant to the § 2255 motion he filed in July 2015.  However, the Court has already ruled on that request and denied an evidentiary hearing.  Moreover, the Court finds that Petitioner has not included any additional evidence to demonstrate that an evidentiary hearing is warranted. Accordingly, the Court will deny Petitioner's request.

**B.       Rule 60(B) Motion**

Rule 60(b) provides six grounds for relief from a final judgment.  Fed. R. Civ. P. 60(b).  The relief provided by Rule 60(b) is an "extraordinary" remedy.  *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979).  To succeed on a Rule

60(b) motion, "the party moving for relief must clearly establish the grounds therefore to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted).

Petitioner invokes Rule 60(b) without specifying any particular subsection. Petitioner's arguments appear to consist of nothing more than disagreements with the Court's prior conclusions regarding his claims for ineffective assistance of counsel as well as other, unrelated claims that the Court found were procedurally barred, as Petitioner had failed to raise them on direct appeal. Thus, Petitioner's motion seeks to relitigate legal issues which the Court has already reviewed and decided, which is insufficient to trigger relief under Rule 60(b). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind, . . . it is not authorized by Rule 60(b)." *Id.* As a result, Petitioner has not met his burden under Rule 60(b) to obtain the "extraordinary" remedy of relief from a final judgment.

Petitioner's current motion also raises a claim of actual innocence for the first time. "If a movant seeks relief from judgment based on Rule 60(b)['s catchall  provision,] 'any

6

other reason that justifies relief,' he must demonstrate truly 'extraordinary circumstances' not encompassed by the other five grounds for relief and must show that his reason for seeking relief could not have been addressed on appeal instead." *Salim v. Dahlberg*, No. 1:15-CV-468(LMB/IDD), 2016 WL 1070822, at *3 (E.D. Va. Mar. 16, 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 500-01 (4th Cir. 2011)).  However, the Petitioner's motion cites no evidence to support his claim of actual innocence, nor any reasons why he did not originally raise this claim in the first instance on appeal.

Furthermore, in *United States v. Winestock*, the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive [habeas] applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application[.]'" 340 F.3d 200, 206 (4th Cir. 2003) (citations omitted).  To determine whether a filing is a proper Rule 60(b) motion for reconsideration as opposed to an improper successive § 2255 petition, the Court looks to whether "a motion directly attack[s] the prisoner's conviction or sentence" or "seek[s] a remedy for some defect in the collateral review process."  *Id*. at 206.  "There may be no infallible test for making this distinction, but a relatively straightforward guide is that a

motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion [under Rule 60(b)]." *Id.* at 207.

In his current motion, Petitioner essentially raises the same arguments presented on direct appeal and in his prior § 2255 motions.  Thus, the Petitioner's motion is, in actuality, a successive § 2255 petition.  It clearly and directly attacks his conviction, rather than some defect in process that would be cognizable under an authentic Rule 60(b) motion.  *See Moody v. Maynard*, 105 F. App'x 458, 463 (4th Cir. 2004) ("Because [petitioner] merely used his motion for rehearing to repeat the same factual bases for the claims he asserted in his [previous habeas] application, his motion appears to assert successive claims for habeas relief.").

Under current federal law, a prisoner in federal custody must make a threshold showing in order to file a second or successive § 2255 motion in this Court.  *See* 28 U.S.C. § 2255(h).  A second or successive motion must first be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §

2255(h).  Since Petitioner has not submitted any evidence of
having obtained the requisite certification from the Fourth
Circuit, his current motion must be dismissed for lack of
jurisdiction.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).[2]

## C. Motion for Judgment as a Matter of Law

Rule 50 under the Federal Rules of Civil Procedure
provides that Judgment as a Matter of Law may be granted under
certain circumstances.  Fed. R. Civ. P. 50.  It applies only to
judgments rendered during the course of a jury trial, *id.*, and
not to Rule 60(b) motions.  Because the Petitioner pleaded
guilty here, the Court will deny Petitioner's motion for
Judgment as a Matter of Law.

## D.        Rule 36 Motion for Clerical Error

"When the district court unequivocally states a
sentence and then imposes it, and the sentence is not the
product of error, the district court has no authority to alter
that sentence."  *See United States v. Fraley*, 988 F.2d 4, 10
(4th Cir. 1993).  Rule 36 of the Federal Rules of Criminal
Procedure reads as follows:

---

[2]  Even if this Court maintained jurisdiction, Petitioner's motion is
untimely.  Rule 60(c) provides that "[a] motion under Rule 60(b) must be made
within a reasonable time," but in this case, Petitioner's motion comes more
than three years after his sentence was imposed, and is therefore untimely.
*See McLawhorn v. John W. Daniel & Co., Inc.,* 924 F.2d 535, 538 (4th Cir.
1991) ("We have held on several occasions that a Rule 60(b) motion is not
timely brought when it is made three to four months after the original
judgment and no valid reason is given for the delay." (citations omitted)).

> After giving any notice it considers
> appropriate, the court may at any time
> correct a clerical error in judgment, order,
> or other part of the record, or correct an
> error in the record arising from oversight
> or omission.

Fed. R. Crim. P. 36.  The remedial corrective power of Rule 36 is circumscribed and its scope of application "authorizes a court to correct only clerical errors in the transcription of judgments." *United States v. Hamby*, No. 99-4851, 2000 WL 673945, at *1 (4th Cir. May 24, 2000) (quoting *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995)).  While the term "clerical error" has not been expressly defined in the federal rules, courts have held that "a clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Kratsas*, Criminal No. H-92-0208, 2011 WL 5210180, at *6 (D. Md. Nov. 1, 2011) (quoting *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004)) (internal citations omitted); *see also United States v. Powell*, 266 Fed. Appx. 263, 266 (4th Cir. 2008) (noting that "[t]he errors most commonly subject to correction under Rule 36 are thus recordings or scrivener's errors that make a difference").  As a consequence of its narrow scope, Rule 36 "does not authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing

guidelines, or to otherwise substantively modify sentences."
*Connor v. United States*, Civil No. DKC 09-0424, Criminal No. DKC
01-0513, 2011 WL 1322402, at *12 (D. Md. Apr. 1, 2011)(quoting
*United States v. Bennett*, 423 F.3d 271, 278 (3rd Cir. 2005)).
Indeed, Rule 36 "provides no jurisdiction to correct an alleged
error committed by the judge at sentencing." *Werber*, 51 F.3d at
348. Nor does Rule 36 imbue this Court with the authority to
engage in "reassessment of the merits of an earlier decision
after the time for reconsideration or appeal has elapsed."
*United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979).

Here, Petitioner claims the Court made a clerical
error when the Court's Judgment in a Criminal Case stated that
the Petitioner pleaded not guilty to Count 8. [Dkt. 79.]
Petitioner argues that, due to this clerical error, his
"judgment and sentence are illegal." [Dkt. 232.] He asks the
Court to resentence him "to correct the errors in the record and
[j]udgment." (*Id.*) Petitioner is correct that the Judgment in
a Criminal Case inaccurately transcribed his plea as not guilty.
[Dkt. 79.] However, it is clear from the record that the
Petitioner did, in fact, plead guilty to Count 8, and that the
Court took this guilty plea into account during sentencing.
[Dkt. 66, 67, 83-36.] Moreover, the Court corrected this
scrivener's error in the original Judgment when it resentenced
the Petitioner on July 29, 2014. [Dkt. 152.]

11

Petitioner has raised this claim many times, under the guise of many different motion titles, and all are attempts to challenge the validity of his underlying sentence.  (*See* Mot. in Arrest of J. or Mot. to Withdraw Plea [Dkts. 133, 134]; Mot. to Alter or Amend J. [Dkt. 173]; Rule 33 Mot. for New Trial [Dkt. 175].)  Rule 36 is not the proper motion to contest the validity of Petitioner's conviction or sentence.  Thus, Petitioner's Rule 36 motion will be denied.

### III. Conclusion

For the foregoing reasons, Petitioner's Motion under Rule 60(b) to Vacate or Set Aside Criminal Judgment will be denied.  Petitioner's Motion for an Evidentiary Hearing is also denied.  Petitioner's Motion for Judgment as a Matter of Law is denied, as is his Rule 36 Motion to Correct a Clerical Error.  An appropriate Order will issue.

                                    /s/
_____
October 6, 2016              James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE