IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUSTIN DEONTA STROM,                )
                                    )
        Petitioner,                 )
                                    )
            v.                      )       1:12cr159 (JCC)
                                    )       1:15cv632
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

**M E M O R A N D U M   O P I N I O N**

This matter is again before the Court on Petitioner

Justin Deonta Strom's ("Petitioner" or "Strom") Motion under

Rule 60(b) to Vacate or Set Aside Criminal Judgment.  [Dkt.

223.]  Previously, the Court construed Petitioner's motion as a

successive Section 2255 petition and dismissed it due to lack of

jurisdiction.  Mem. Op. [Dkt. 233].  On appeal, the Fourth

Circuit vacated and remanded, with instructions to permit

Petitioner to elect between deleting his successive Section 2255

claims or having his entire motion treated as a successive

Section 2255 petition.  Unpublished Op. [Dkt. 240].  Petitioner

has since clarified with the Court that he would like to delete

his successive Section 2255 claims.  Supp. Mem. [Dkt. 243.]  For

the reasons set forth below, the Court will grant Petitioner's

Rule 60(b) Motion for the limited purpose of reviewing the

merits of two claims raised in his Section 2255 motion.

1

## I. Background

Petitioner's status as a serial litigant has created a complicated chain of filings and re-filings in this case, involving both direct appeals and collateral attacks on his current sentence. The Court has described the facts of this case at length in its prior Memorandum Opinions. However, in an effort to remove any doubt that the Court has somehow failed to adequately address one of Petitioner's arguments today, it reviews those facts anew.

In April of 2012, a federal grand jury returned a ten-count indictment charging Petitioner with sex trafficking of a minor and several related offenses. Indictment [Dkt. 47] at 1-2. These charges stemmed from Petitioner's involvement in a prostitution ring that recruited minor women to engage in commercial sex acts. *Id.* at 2. On June 26, 2012, pursuant to a written plea agreement, Petitioner pled guilty to one count of sex trafficking of a child, in violation of 18 U.S.C. §§ 1591, 1592. *See* Plea Agreement [Dkt. 67] at 1; Indictment, Count 8 [Dkt. 47] at 15. On September 14, 2012, the Court sentenced Petitioner to 480 months' imprisonment. [Dkt. 77 at 1.] Petitioner did not appeal.

On July 24, 2014, after full briefing and an evidentiary hearing, the Court granted in part Petitioner's first Motion to Vacate under 28 U.S.C. § 2255. Mem. Op. [Dkt.

150]; Order [Dkt. 151]. The Court found that Petitioner had instructed his trial attorney to file a direct appeal, but the trial attorney failed to take any action, which constituted *per se* ineffective assistance of counsel. *Id.* Pursuant to Fourth Circuit law, the Court did not consider any of Petitioner's remaining claims, dismissing them without prejudice. *Id.* Petitioner was advised that he could file a second habeas motion, if necessary, following the resolution of his direct appeal. *Id.*

On July 29, 2014, the Court re-sentenced Petitioner to 480 months' imprisonment. Judgment [Dkt. 152]. One day later, on July 30, 2014, Petitioner, by counsel, noticed his direct appeal. Notice of Appeal [Dkt. 154]. In his direct appeal to the Fourth Circuit, Petitioner challenged the validity of his guilty plea.[1]

On March 5, 2015, the Fourth Circuit affirmed Petitioner's conviction and sentence, finding that Petitioner failed to "establish that his plea was unknowing or involuntary," that the Court properly advised him of the nature of the charges and the associated penalties, and that the Court properly informed Petitioner of the procedures that would be

---

[1] While Petitioner's direct appeal was pending in the Fourth Circuit, he filed various *pro se* motions with this Court. *See* Mot. to Amend/Correct Judgment [Dkt. 173]; Mot. for a New Trial [Dkt. 175]; Mot. to Correct/Amend Clerical Mistake [Dkt. 179]. All of these motions were denied or withdrawn. *See* Orders [Dkts. 178, 187].

employed to determine his sentence. *See* Unpublished Op. [Dkt. 188]. The Fourth Circuit declined to address Petitioner's ineffective assistance of counsel claims, which it noted are more properly raised in a Section 2255 motion. *Id*. The Fourth Circuit also held that it was not required to consider the additional arguments raised in Petitioner's *pro se* supplemental briefs, given that he had been represented by appellate counsel. *Id.*

On March 18, 2015, Petitioner filed a Petition for Rehearing with the Fourth Circuit, urging them to consider the arguments raised in his *pro se* supplemental briefs. [Dkt. 190.] On April 27, 2015, the Fourth Circuit denied his Petition for Rehearing. [Dkt. 191.]

Petitioner then filed a *pro se* motion to re-file an arrest of judgment motion with this Court. [Dkt. 193.] The Court dismissed this motion without prejudice and directed Petitioner to file a motion pursuant to 28 U.S.C. § 2255. [Dkt. 194.] On May 14, 2015, Petitioner filed his second *pro se* motion pursuant to Section 2255,[2] [Dkt. 195], and subsequently requested that the Court appoint counsel, [Dkt. 203]. Petitioner also filed a motion for an evidentiary hearing. [Dkt. 205.] The Court appointed counsel, [Dkts. 206, 210], who

---

[2] Petitioner also filed a Rule 32(d) Motion to Withdraw Plea and Rule 11 Violation raising similar claims as his Section 2255 Motion. [Dkt. 196.] He later withdrew these motions. [Dkt. 200.]

filed a third amended motion under Section 2255 on Petitioner's behalf on July 31, 2015. [Dkt. 211.]

Petitioner's claims included ineffective assistance of counsel as well as other, unrelated claims.[3] Mot. [Dkt. 195] at 2; Amend. Mot. [Dkt. 212] at 10. Because Petitioner did not raise the claims that were unrelated to ineffective assistance of counsel on direct appeal, the Court held that those claims were procedurally defaulted.[4] [Dkt. 216.] In addition, the Court denied Petitioner's request for an evidentiary hearing, [Dkt. 216], and held that there is no evidence that he received ineffective assistance of counsel before entering a guilty plea, [*id.*]. The Court also denied a certificate of appealability. [*Id.*] Petitioner, through counsel, filed a notice of appeal to

---

[3] Petitioner's amended Section 2255 motion filed by counsel focuses solely on his ineffective assistance of counsel claims. *See* Amend. Mot. [Dkt. 212] at 7-9. Petitioner's *pro se* motion appears to raise the following four claims: (1) ineffective assistance of counsel due to his trial lawyer's failure to explain that the Court could consider all relevant conduct at sentencing; (2) the Court's improper consideration of that conduct at sentencing, which led to alleged errors in the application of the Sentencing Guidelines; (3) an alleged *Brady* violation, presumably due to the Government's failure to turn over exculpatory evidence involving an affidavit written by a victim, M.W., five months after Petitioner was sentenced; and (4) ineffective assistance of counsel due to his trial lawyer's "estimation or promise" that if he pled guilty, he would only receive a ten year sentence. *Pro se* Mot. [Dkt. 195] at 5-9.

[4] The Fourth Circuit did not reach Petitioner's claims involving ineffective assistance of counsel on direct appeal. *See* Unpublished Op. [Dkt. 188] at 3-4. As Petitioner himself concedes, his appellate counsel did not raise his claims involving alleged trial and sentencing errors on direct appeal, *Pro se* Mot. [Dkt. 195] at 2, and the Fourth Circuit refused to consider those claims once raised by Petitioner via *pro se* supplemental briefs, Unpublished Op. [Dkt. 188] at 2 n.1. Accordingly, this Court held that Petitioner's second and third claims involving trial and sentencing errors were procedurally barred. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999).

the Fourth Circuit on September 9, 2015. [Dkt. 219.] The appeal was later dismissed. [Dkt. 225.]

On October 15, 2015, Petitioner filed a Rule 60(b) Motion and Motion for Evidentiary Hearing. [Dkt. 223.] Petitioner's Rule 60(b) Motion alleges several perceived errors in the Court's 2255 proceedings. [*Id.*] Specifically, Petitioner argues that the Court failed to address: (1) his claim of actual innocence for the offense to which he pled guilty; and (2) his claim of ineffective assistance of counsel due to his trial lawyer "giving grossly [sic] misinformation about a likely sentence" if he pled guilty. [*Id.* at 1.] Petitioner also contends that the Court erred when it: (1) failed to consider his procedurally defaulted claims; and (2) denied his request for an evidentiary hearing. [*Id.*] Nearly a year later, Petitioner also filed a Motion for Judgment as a Matter of Law, [Dkt. 231], as well as a Motion for Rule 36 Clerical Error, [Dkt. 232]. The Court denied all three motions. [Dkt. 233.] Even though the Court also denied a certificate of appealability, Petitioner nevertheless filed an appeal with the Fourth Circuit. On appeal, the Fourth Circuit vacated this Court's prior Opinion and remanded with instructions to provide

Petitioner with an opportunity to delete his successive Section 2255 claims from his Rule 60(b) Motion.[5] [Dkt. 240.]

On May 10, 2017, the Court ordered Petitioner to file a supplemental memorandum advising the Court of whether he wished to delete his successive claims or have his entire Rule 60(b) Motion construed as a successive Section 2255 petition. [Dkt. 242.] Petitioner filed a memorandum in response, asking the Court to delete his successive Section 2255 claims. [Dkt. 243.] Having done so, the Court is now left with two remaining claims:[6] (1) actual innocence of the crime to which Petitioner pled guilty; and (2) ineffective assistance of counsel due to his trial lawyer's alleged assurance that he would receive a ten year sentence. Petitioner's Rule 60(b) Motion is now ripe for disposition.

## II. Standard of Review

Rule 60(b) provides six grounds for relief from a final judgment, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or

---

[5] Because the Fourth Circuit's opinion cited no error in the Court's prior ruling on Petitioner's Motion for Judgment as Matter of Law and Motion for Rule 36 Clerical Error, the Court incorporates and refers to that ruling to dispose of both of those motions today. *See* Mem. Op. [Dkt. 216].

[6] The Court finds that Petitioner's latter two claims—urging the Court to reconsider its earlier ruling that five of his claims were procedurally defaulted and that no evidentiary hearing was warranted—are successive under Section 2255. It therefore deletes them from his Rule 60(b) Motion.

misconduct by an opposing party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged; the

judgment is based on an earlier judgment that has been reversed

or vacated; or applying it prospectively is no longer equitable;

or (6) any other reason that justifies relief.  Fed. R. Civ. P.

60(b).

The relief provided by Rule 60(b) is an

"extraordinary" remedy.  *Compton v. Alton S.S. Co.*, 608 F.2d 96,

102 (4th Cir. 1979).  To succeed on a Rule 60(b) motion, "the

party moving for relief must clearly establish the grounds

therefore to the satisfaction of the district court . . . and

such grounds must be clearly substantiated by adequate proof."

*In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations

and quotations omitted).

### III. Analysis

Without invoking any particular subsection of Rule

60(b),[7] Petitioner seeks a remedy for two perceived flaws in his

Section 2255 proceeding.  First, Petitioner alleges that the

Court failed to consider his claim of actual innocence.  Second,

Petitioner contends that the Court failed to rule on one of his

claims of ineffective assistance of counsel, which focuses on

alleged promises his trial lawyer made to him regarding the

---

[7] Construing Petitioner's *pro se* motion liberally, the Court finds that either
subsection (1) or (6) could apply.

8

length of his possible sentence.  The Court will address each of these arguments in turn.

Petitioner's initial argument is that the Court failed to consider his claim of actual innocence during his second 2255 proceeding.  This claim consists of a single sentence, buried in Petitioner's *pro se* motion, that he is "actually innocent of this crime Count 8 [sic] and a number of the dismissed counts." [Dkt. 195 at 16.]  The only evidence he cites to support this assertion is that one of the victims, M.W., admitted five months after Petitioner was sentenced to carrying out the crime herself.  [*Id.*]

Petitioner is correct that this Court's prior Memorandum Opinion erred in its discussion of this claim.  *See* Fed. R. Civ. P. 60(b)(1).  The Court's Opinion devoted only a single sentence to his alleged innocence, noting that "Petitioner makes no assertion that he is factually innocent" of the crimes to which he pled guilty.  Mem. Op. [Dkt. 216] at 10. Due to this mischaracterization of Petitioner's assertions, the Court will now proceed to address the merits of his actual innocence claim under Section 2255.

"[F]or a claim to be viable through a § 2255 petition, it must [first] be raised on direct appeal." *Brooks v. United States*, 2007 WL 2688228, at *2 (E.D. Va. Sept. 5, 2007) (citing *United States v. Frady,* 456 U.S. 152, 162, 165 (1982)).  But Petitioner did not raise this claim on direct appeal.  Thus, he

is barred from doing so via a collateral attack, *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999), unless he can demonstrate at least one of two possible exceptions, *see, e.g., House v. Bell*, 547 U.S. 518, 536-37 (2006) (establishing that a petitioner can overcome procedural default by asserting either: (1) actual innocence; or (2) cause and prejudice for failure to raise the issues on direct appeal). One of those exceptions—actual innocence—is particularly relevant here, as it provides both a potential excuse for Petitioner's default, as well as a freestanding justification to vacate his criminal sentence.

Ultimately, the Court finds that Petitioner has failed to establish by a preponderance of the evidence his "actual factual innocence of the offense of conviction." *See Mikalajunas*, 186 F.3d at 493-94. Petitioner cites to a single, post-trial affidavit as the sole evidence of his innocence. As the Government rightfully points out, this affidavit is far from credible. It was produced by one of his victims, M.W., at Petitioner's request five months after his sentencing. The statements contained therein conflict with the evidence, Petitioner's own earlier statements accepting responsibility for his actions, and the statements of his co-defendants and the other victims. Gov't Opp. [Dkt. 215] at 19-20. This type of evidence is woefully inadequate to sustain Petitioner's burden. It provides neither justification to excuse his procedural

default, nor a reason for this Court to vacate his criminal sentence under Section 2255.

Alternatively, Petitioner can still overcome his procedural default by showing cause and prejudice for his failure to raise the issue on direct appeal. *See Bell*, 547 U.S. at 536-37. However, Petitioner fails to put forth any evidence to substantiate his claim that breakdowns in communication and disagreements with his appellate attorney prevented him from raising this particular claim in the merits brief properly filed with the Fourth Circuit. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 492 (1986). Petitioner also fails to offer any explanation as to why he himself did not raise this claim in his *pro se* supplemental briefs. Accordingly, Petitioner cannot overcome the procedural default of this claim[8] and, therefore, the Court cannot now consider it on a motion to vacate under Section 2255. Petitioner's motion is therefore denied.

Petitioner's second argument under Rule 60(b) is that the Court failed to address one of his claims of ineffective assistance of counsel during his prior 2255 proceeding. This claim involves an alleged "estimation or promise" his trial lawyer made that Petitioner would receive only a ten year sentence if he agreed to plead guilty. Mem. in Supp. [Dkt. 195] at 5. Petitioner alleges that if his trial attorney had

_____

[8] Had Petitioner succeeded on the merits of his actual innocence claim, or been able to demonstrate cause and prejudice, five of his previously defaulted claims would again be before the Court. Because he did not, those claims remain barred.

informed him instead that he could get forty years to life imprisonment, he would never have agreed to plead guilty and would have insisted instead on going to trial. *Id.* at 7.

Again, Petitioner is correct that this Court's prior Memorandum Opinion erred in its discussion of his ineffective assistance of counsel claim. *See* Fed. R. Civ. P. 60(b)(1). The Court's prior Opinion failed to discuss at all Petitioner's claim that his counsel promised him a ten year sentence. *See* Mem. Op. [Dkt. 216]. Given this omission, the Court will now proceed to analyze his ineffective assistance claim under Section 2255.

Pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

To establish constitutionally deficient performance under the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Such a showing must go beyond

12

establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins,* 586 F.2d 329, 332 (4th Cir. 1978); *see also Strickland,* 466 U.S. at 687. Moreover, given that it is all too easy to challenge an act, omission, or strategy once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. Finally, in assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691.

The second prong of the *Strickland* test requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The district court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he

13

would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

In the instant case, Petitioner's ineffective assistance of counsel claim fails the first prong of the *Strickland* test. He is unable to demonstrate that his trial attorney's performance was deficient because he cannot prove that his attorney promised him a sentence of ten years if he agreed to plead guilty. In fact, there is ample evidence to the contrary. For example, his trial attorney testified at an evidentiary hearing before this Court that he "absolutely [did] not" promise Petitioner a ten year sentence. [Dkt. 149 at 84]; *see also* [*id.* at 56] ("I told him he couldn't get a deal for a specific term of years. That was impossible because that's not the way it worked."). Rather, he advised Petitioner that the Sentencing Guidelines would call for a sentence of life imprisonment, [*id.* at 84-85], but that he thought Petitioner would get a sentence of a term of years, [*id.* at 61, 84]. His attorney's account is further corroborated by that attorney's arguments at sentencing, where the attorney stated that Petitioner was "hopeful, Judge, that you will see fit to sentence him to a term of years rather than life in prison." [Dkt. 83 at 6.]

In contrast to these consistent statements, Petitioner's own statements regarding the advice he received are

contradictory. For example, Petitioner initially testified that his trial lawyer promised him a ten year sentence, but later said that he did not contest the facts in his Presentence Investigation Report because he "was afraid of getting a life sentence." [Dkt. 149 at 35.] Notably, this latter testimony appears to buttress even further his attorney's recounting of their pre-plea conversations. In addition, during the plea hearing itself, Petitioner gave two answers that are at odds with his current claim:

> THE COURT: Any other promises made to you other than what's in the plea agreement?
>
> THE DEFENDANT: No, sir.
>
> . . .
>
> THE COURT: Has anyone made any prediction or promise to you what your sentence would be in this case?
>
> THE DEFENDANT: Prediction.

Finally, Petitioner's Section 2255 motion itself states that his trial attorney merely "estimated" a sentence. [Dkt. 195 at 5.]

It is well settled that "[a] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [constitutionally insufficient]." *Hill*, 474 U.S. at 55. The record in this case contradicts Petitioner's allegation that his attorney rendered constitutionally insufficient advice regarding his guilty plea

15

and subsequent sentence. Thus, Petitioner has failed to establish by a preponderance of the evidence that his trial attorney rendered constitutionally deficient performance, and therefore, the Court will deny the motion on this basis. *See Addy v. United States*, 2014 WL 1088833, at *4 (E.D. Va. Mar. 19, 2014) (citing *Jackson v. United States*, 638 F. Supp. 2d 514, 530 (W.D.N.C. 2009) ("[A]llegations which are contradicted by the record do not warrant relief[.]") (citation omitted); *Ecker v. United States*, 2012 WL 6214356, at *7 (E.D. Va. Sept. 7, 2010) (rejecting petitioner's ineffective assistance claim on grounds that the record refuted his arguments)).

Because Petitioner cannot establish deficient performance, this Court need not reach the issue of prejudice before dismissing this claim. *See Strickland,* 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

* * *

In sum, because both of Petitioner's remaining 2255 claims are meritless, the Court will deny Petitioner's motion to vacate, set aside, or correct his criminal sentence.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion under Rule 60(b) to Vacate or Set Aside Criminal Judgment will be

granted for the limited purpose of reviewing the merits of two claims raised in his previous Section 2255 motion.  The Court will deny his claims of actual innocence and ineffective assistance of counsel as meritless.

An appropriate Order will issue.


_____
/s/
June 6, 2017                    James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE